By the Court.
Appeals from the court of common pleas to the circuit court are controlled by sections 5227 and 5228, Revised Statutes, and not by section 6408.
Said section 5228 reads as follows: “A party in any trust capacity, who has given bond in this state with sureties according to law, shall not be required to give bond and security to perfect an appeal; and in such case the clerk of the common pleas court, at the expiration of thirty days from the entering of such judgment or order upon the journal of the court, shall, if not otherwise directed, make a transcript, which, together with the papers and pleadings filed in the cause he shall transmit to the clerk of the circuit court as in other cases of appeal. ’ ’
• Before the revision of the statutes in 1880, the right of appeal from a court of common pleas without bond was limited to executors, administrators and guardians, and by that revision the right of appeal without bond was given to “a party in any trust capacity.” An executor, administrator, guardian, assignee or trustee clearly acts in a trust capacity, while a treasurer, auditor, sheriff and other public officers act in an official capacity, and had it been the intention of the general assem *384 bly to extend the statute to appeals taken by officers, that intention would have been clearly expressed in the statute. We therefore hold that in order to perfect an appeal from the court of common pleas to the circuit court by a public officer it is necessary that an appeal bond be given as provided in section 5227, Revised Statutes.

Judgment affi/rmed.